UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>SOUTH COUNTY BUICK GMC, et al.,<br><br>                           Defendants. | Case No.: 3:24-cv-01883-JES-KSC<br><br>**ORDER:**<br><br>**(1) DISCHARGING ORDER TO SHOW CAUSE; and**<br><br>**(2) DENYING MOTION FOR CLERK'S ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>**[ECF No. 6,8]** |

     On October 16, 2024, Plaintiff filed a complaint against Defendants South County Buick GMC and Honor Buick GMC and a summons was issued the same day. ECF Nos. 1, 2. On October 30, 2024, Plaintiff submitted proof of service on Honor Buick GMC. ECF No. 3. On November 21, 2024, Clerk's Entry of Default was entered against Defendant Honor Buick GMC only. ECF No. 5.

     On January 31, 2025, the Court issued an Order to Show Cause ("OSC") as to why the case against the other Defendant, South County Buick GMC, should not be dismissed for failure to serve that Defendant with the summons and complaint within 90 days as

required by Rule 4(m).  ECF No. 6.  On February 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal as to Defendant South County Buick GMC.  ECF No. 7.  On the same day, Plaintiff filed a Motion for Clerk's Entry of Default Judgment against Honor Buick GMC.  ECF No. 8.  On February 14, 2025, Plaintiff also filed a response to the Court's OSC as to South County Buick GMC.  ECF No. 9

## ORDER TO SHOW CAUSE

In its February 14 submission, Plaintiff responds to the Court's prior OSC that it attempted to serve Defendant South County Buick GMC multiple times and was unable to do so.  ECF No. 9 at 2.  Thus, Plaintiff moved to dismiss that defendant without prejudice.  *See* ECF No. 7.

Accordingly, the Court now **DISCHARGES** the OSC against Plaintiff.

## MOTION FOR DEFAULT JUDGMENT

Also pending before the Court is Plaintiff's Motion for Clerk's Entry of Default Judgment.  ECF No. 8.  Plaintiff makes this motion under Federal Rule of Civil Procedure 55(b)(1), which permits an application for default judgment to be entered by the clerk "if the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).  A sum is not certain "unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004).

Plaintiff requests the following amounts: (1) damages in the amount of $147,345.00; (2) prejudgment interest in the amount of $25,874.27, and (3) costs in the amount of $405.00.  ECF No. 8.  To support the damages amount, Plaintiff attaches the invoices for the trucks at issue that it alleges were never paid. ECF No. 8-1.  These invoices accurately support the damages request of $147,345.00 and is a sum certain.  To support the costs, Plaintiff requests the $405.00 filing fee that it incurred in having to file this lawsuit.  This again qualifies as a sum certain.

As to the request for interest, interest may be considered a sum certain under Rule 55(b)(1).  *See DSG Logistics, LLC v. Rocha, Inc.*, No. 219CV00720JLRJRC, 2019 WL 13199218, at *2 (W.D. Wash. Oct. 9, 2019).  Plaintiff makes this request, citing to California Civil Code § 3289, which states that any interest stipulated in a contract "remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation."  Cal. Civ. Code § 3289(a).  If the contract fails to stipulate an interest rate and was entered into after January 1, 1986, the interest rate will be set to 10%.  Cal. Civ. Code § 3289(b).  The Court finds that prejudgment interest is appropriate in this case.  *See ESET, LLC v. Bradshaw*, No. 10-CV-1369 JLS JMA, 2011 WL 2680497, at *3 (S.D. Cal. July 8, 2011) (awarding prejudgment interest in breach of contract case on default judgment); *Phillips 66 Co. v. Grainer*, No. 1:13-CV-1890 LJO-BAM, 2015 WL 3797396, at *3 (E.D. Cal. June 18, 2015) (same).  However, the Court finds that Plaintiff has failed to provide the Clerk with sufficient information to verify the computation that would make the interest amount sought a "sum certain."  Plaintiff requests a total amount of $25,874.27, but fails to submit how this amount was calculated.  For example, at a minimum, Plaintiff fails to state the end of the time period for which this calculation was based on, making it impossible for the Court to verify it.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the request for entry of default judgment at this time.  Plaintiff may refile the request, but must include detailed information about how the interest sought has been calculated, including the assumptions based for the calculation and separated for each invoice, such that the Court can verify the calculation under Rule 55(b)(1).

**IT IS SO ORDERED.**

Dated:  February 25, 2025

Honorable James E. Simmons Jr.
United States District Judge