UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC.,<br>Plaintiff,<br>v.<br>SOUTH COUNTY BUICK GMC, a California entity of unknown form; and HONOR BUICK GMC, a California entity of unknown form,<br>Defendants. | Case No.: 3:24-cv-01883-JES-KSC<br>**ORDER:**<br>**(1) GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND STAY WRIT OF EXECUTION; and**<br>**(2) DENYING EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY**<br>**[ECF Nos. 22, 23, 29]** |

This case comes before the Court on Defendant MDM Holdings 2, LLC dba Honor Buick GMC's ("Defendant") motion to set aside entry of default, default judgment and stay of execution entered against it. ECF No. 23. Plaintiff Fox Factory, Inc. ("Plaintiff") filed an opposition to the motion, Defendant filed a reply, and both parties filed objections to the opposing party's evidence. ECF Nos. 24, 25, 26, 27. Plaintiff also filed a motion for leave to file a sur-reply and Defendant opposed the motion. ECF Nos. 29, 30. For the reasons stated below, the Court **GRANTS** Defendant's motion to set aside entry of default, default judgment and stay writ of execution and **DENIES** Plaintiff's application for leave to file a sur-reply.

## I. BACKGROUND

On October 16, 2024, Plaintiff filed this action against Defendant, seeking to recover damages alleging breach of contract and violations of California's Unfair Competition Law ("UCL"). ECF No. 1 ("Compl.") at ¶¶ 26-40. The complaint alleged, on information and belief, that "Honor is responsible for the liabilities of South County where South County is unable to meet its obligations." *Id.* ¶ 14. The dispute arises from a sale of seven specialty trucks from Plaintiff to South County between March and July 2023. *Id.* ¶¶ 15-20. South County owned the dealership located at 2202 National City Boulevard, National City, California 91950. *Id.* ¶¶ 2, 4. Plaintiff issued invoices totaling $147,345 to South County for the upfit of the trucks. *Id.* ¶ 18. South County did not pay the invoices. *Id.* ¶ 20. On or about August 23, 2023, Plaintiff sent a demand letter to South County seeking payment. *Id.* ¶ 21. South County did not respond. *Id.* ¶ 22.

In September 2023, Defendant purchased certain assets of the dealership from South County. ECF No. 23-4 ("Garcia Decl.") at ¶ 2. On October 25, 2024, a process server attempted to serve Defendant at the dealership and according to the proof of service, the process server served the summons and complaint on an unidentified employee, "John Doe," who refused to provide his name and stated that "they are not South county Buick" and "[t]hey just purchased the dealership and they have a different owner." ECF No. 3 at 2. The process server noted that the unnamed employee threw the documents in the trash. *Id.* The proof of service states that "John Doe" is designated by law to accept service of process on behalf of Honor Buick GMC. *Id.* In its motion, Defendant states they believe the unnamed individual who is referred to as "John Doe" was the dealership's general manager. ECF No. 23-1 at 8.

After the October 2024 service of the complaint at the dealership, Defendant failed to answer or otherwise respond in the time allowed by Federal Rule of Civil Procedure 12 and the Clerk of Court entered default against Defendant on November 21, 2024. ECF No. 5. Plaintiff moved for default judgment on February 27, 2025. ECF No. 11. On December 4, 2025, Plaintiff moved for a writ of execution. ECF No. 15. On February 23, 2026,

Defendant filed its motion asking the Court to set aside default and vacate the execution of the writ of possession. ECF No. 23.

## II. LEGAL STANDARD

Federal courts adhere to a strong policy in favor of judgments on the merits rather than judgment by default. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided on their merits whenever reasonably possible."). This policy is reflected in Federal Rule of Civil Procedure 55(c), which allows a court to set aside a default for "good cause." Fed. R. Civ. P. 55(c). "[T]he parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b)." *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Courts consider three factors when deciding a motion to set aside default: (1) whether the defaulting party engaged in culpable conduct; (2) whether the defaulting party had a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The defaulting party bears the burden of showing that all three factors favor setting aside the default. *Id.* The "Rule 60(b) grounds are liberally interpreted when used on a motion for relief from an entry of default." *Haw. Carpenters' Tr. Funds*, 794 F.2d at 513.

## III. REQUEST FOR JUDICIAL NOTICE

Before addressing the merits of the motion, the Court first considers requests for judicial notice by Defendant. Defendant requests the court take judicial notice of eight items:

1. Complaint (ECF No. 1) filed on October 16, 2024;
2. Proof of Service (ECF No. 3) filed on October 30, 2024;
3. Request for Entry of Default (ECF No. 4) filed on November 20, 2024;
4. Entry of Default (ECF No. 5) filed on November 21, 2024;
5. Default Judgment (ECF No. 12) filed on February 28, 2025;
6. Writ of Execution (ECF No. 18) filed on December 5, 2025;

7. Exhibit A to Declaration of Darlene Garcia – Defendant's Registration (Out-of-State Limited Liability Company) filed with the California Secretary of State on July 12, 2023;
8. Exhibit B to Declaration of Darlene Garcia – Defendant's Statement of Information, filed with the California Secretary of State on September 2, 2023.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Plaintiff has not opposed Defendant's request for judicial notice of any of the requested items. Each of the requested items appear to be appropriate items for the Court to accept judicial notice. It appears that the accuracy of the sources cannot be questioned, and the items can be accurately and readily determined from the sources. For those reasons, the request for judicial notice is **GRANTED**.

**A. Objections to Evidence**

**1. Plaintiff's Objections**

In support of its motion to set aside entry of default, default judgment and stay writ of execution, Defendant submits the declaration of Darlene Garcia, Controller for Defendant. *See* ECF No. 23-4 ("Garcia Decl."). Plaintiff objects to portions of paragraphs 2, 3, 4 and 6 of the declaration based on Federal Rules of Evidence 602, 701, 801, 802, 803, 804, and 1002. ECF No. 24-7 at 2-3.

**a. Paragraph 2**

Plaintiff specifically objects to the following sentence within paragraph 2: "The transaction was an asset purchase pursuant to an Asset Purchase Agreement ("APA") dated June 13, 2023." Garcia Decl. ¶ 2. Plaintiff objects to this statement on the following grounds: (1) hearsay pursuant to Federal Rules of Evidence ("FRE") 801, 802, 803, 804; (2) lacks foundation and personal knowledge pursuant to FRE 602; and (3) best evidence rule pursuant to FRE 1002. Defendant argues that Darlene Garcia is their Controller and

has adequate foundation to give lay testimony consistent with FRE 702[1]. ECF No. 26 at 1-2.

FRE 602 states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602. "Personal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Cmtys., Inc.,* No. LA CV15-04157 JAK (PLAx), 2015 WL 11422302, at *4 n. 1 (C.D. Cal. Oct. 8, 2015). FRE 701 allows a lay witness to offer opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of" expert testimony. Fed. R. Evid. 701. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers [the statement] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1) and (2). The best evidence rule requires "an original writing, recording, or photograph [] in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002.

Darlene Garcia is the Controller for Defendant and in paragraph 1 of her declaration, she states "I make this declaration of my personal and firsthand knowledge except where stated upon information and belief …." Garcia Decl. ¶ 1. As Defendant's Controller, Garcia would be in position to have personal knowledge of the APA. Additionally, the disputed statement in paragraph 2 does not require scientific, technical, or other specialized knowledge, especially in light of Garcia's role as Defendant's Controller. *See* Fed. R. Evid. 701. Further, the statement is not hearsay, it is proper lay opinion testimony. Finally, the actual APA itself is not required for Garcia to make such a statement, however it was

---

[1] Lay opinion testimony is governed by FRE 701, not 702. *See generally* FRE 701. Defendant cites FRE 702, but quotes FRE 701.

attached in redacted form to the Reply. Thus, the Court **OVERRULES** each of Plaintiff's objections.

**b. Paragraph 3**

Defendant objects to the first three sentences of paragraph 3: "Defendant purchased South County's assets only—not liabilities. Defendant did not assume the debts or liabilities of South County, including the amounts allegedly owed to Plaintiff Fox Factory, Inc. ("Plaintiff") for specialty trucks. South County remained responsible for its own pre-closing obligations." Garcia Decl. ¶ 3. Defendant objects to this statement on the following grounds: (1) hearsay pursuant to FRE 801, 802, 803, 804; (2) lacks foundation and personal knowledge pursuant to FRE 602; (3) best evidence rule pursuant to FRE 1002; and (4) improper opinion testimony pursuant to FRE 701. For the same reasons stated above in regards to paragraph 2, the Court **OVERRULES** each of the objections.

**c. Paragraph 4**

Defendant objects to a portion of a sentence in paragraph 4, specifically: "… contributing to the understandable confusion of the employee served, who was never designated as the agent for service of process." Garcia Decl. ¶ 4. Defendant objects to this statement on the grounds that Darlene Garcia lacks foundation and personal knowledge pursuant to FRE 602.

In its entirety, paragraph 4 reads as follows: "Service of the instant lawsuit was not effected on Defendant's designated agent for service of process, contributing to the understandable confusion of the employee served, who was never designated as the agent for service of process." Garcia Decl. ¶ 4.

For the reasons stated above and additionally considering Exhibit B to the declaration, the Statement of Information, the unnamed general manager at the dealership was not designated as the agent for service of process. As Defendant's Controller, Garcia has sufficient foundation and personal knowledge to testify as to Defendant's agent for service in California. Additionally, Exhibits A and B attached to Garcia's declaration are the California Secretary of State's records listing Timothy Devine as Defendant's agent for

service of process in California. *See* ECF Nos. 23-5, 23-6. The California Secretary of State records are public record and thus not hearsay. *See* Fed. R. Evid. 803(8). Therefore, the Court **OVERRULES** each of Defendant's objections.

**d. Paragraph 6**

Defendant objects to two sentences within paragraph 6, specifically: "The General Manager … acted under the mistaken belief that because (in his opinion) Defendant was not the party responsible, the documents could be ignored and disposed of," and "[T]he General manager's misunderstanding of the legal effect of the transition in business ownership." Garcia Decl. ¶ 6. Defendant objects to these statements on the following grounds: (1) hearsay pursuant to FRE 801, 802, 803, 804; (2) lacks foundation and personal knowledge pursuant to FRE 602; and (3) improper opinion testimony pursuant to FRE 701. This statement is presumably based on unknown communications with the general manager. The Court **SUSTAINS** the hearsay objection. Since the Court sustains the hearsay objection, the Court declines to address Plaintiff's remaining objections.

**2. Defendant's Objections**

In its opposition to Defendant's motion to set aside entry of default, default judgment and stay writ of execution, Plaintiff submits the declaration of Patrick B. Nichols. *See* ECF No. 24-5 ("Nichols Decl."). Defendant objects to paragraphs 6, 7, and 9 of the declaration, based on Federal Rules of Evidence 401, 402, 403, 801, and 802. ECF No. 26 at 2-3.

**a. Paragraph 6**

Defendant objects to a portion of paragraph 6, specifically: "On January 29, 2026, I spoke with Honor's counsel, Jason Cruz, about the default and Honor's intentions in the case." Nichols Decl. ¶ 6. Defendant objects to the statement as irrelevant pursuant to FRE 401, 402, 403; and hearsay pursuant to FRE 801 and 802. ECF No. 26 at 2. Plaintiff argues that the statement is relevant because it shows that Defendant's defense against the claims are actually claims that Defendant has against South County, that Defendant sold the vehicles at issue to its own customers and that Defendant intentionally ignored the service of summons. ECF No. 27 at 2. Further, Plaintiff argues this statement is not hearsay. *Id.*

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court agrees with Plaintiff and finds that the statement is relevant for the reasons stated by Plaintiff and that the statement is not hearsay. Thus, the Court **OVERRULES** the objections.

**b. Paragraph 7**

Defendant objects to paragraph 7, which reads as follows: "On the phone call, Mr. Cruz indicated that his client failed to answer the complaint. He said, 'I wish they had contacted I so I could have helped them,' and then indicated that Honor intended to seek indemnification for the judgment from South County. He also indicated that Honor had paid South County for the trucks at issue and then sold them to its own customers." Nichols Decl. ¶ 7. Defendant objects to the statement as irrelevant pursuant to FRE 401, 402, 403; and hearsay pursuant to FRE 801 and 802. ECF No. 26 at 3. Plaintiff responds that the statement is an admission by a party-opponent and not hearsay. ECF No. 27 at 3.

A statement offered against an opposing party is not hearsay if the statement "(A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2). The Court agrees with Plaintiff regarding the first and third sentence, but finds the sentence "I wish they had contacted I so I could have helped them," to not be an admission and is frankly irrelevant. Thus, the Court **OVERRULES** the hearsay objections to the first and third sentence, but **SUSTAINS** the relevancy objection as to the second statement regarding wishing Defendant would have contacted him.

**c. Paragraph 9**

Defendant objects to paragraph 9, which reads as follows: "To date, Honor has not offered any cooperation (beyond Mr. Cruz's statements) to help Fox recover from South

County or even help them be served." Nichols Decl. ¶ 9. Defendant objects to the statement as irrelevant pursuant to FRE 401, 402, 403; and hearsay pursuant to FRE 801 and 802. ECF No. 26 at 3. The Court does not find that the statement is hearsay, but it carries little relevancy. Notwithstanding that, the Court **OVERRULES** each of the objections.

## IV. DISCUSSION

Defendant argues that service of process was never properly effected and on that basis alone, the default judgment is void and must be vacated under Federal Rules of Civil Procedure 60(b)(4) or 60(b)(6). ECF No. 23-1 at 11. Alternatively, Defendant argues there is good cause to set aside default because: (1) their failure to respond to the complaint wasn't culpable, (2) Defendant has a meritorious defense, and (3) Plaintiff will not be unfairly prejudiced. *Id.* at 13-17.

Plaintiff maintains that the motion to aside default should be denied because the judgment is not void under Rule 60(b)(4). ECF No. 24 at 11. Plaintiff also argues that Defendant cannot show good cause for setting aside the default because Defendant intentionally ignored deadlines under the federal and local rules, Defendant fails to present a meritorious defense, and Plaintiff would suffer prejudice by any delay.

### A. Service of Process

Federal Rule of Civil Procedure 4(h)(1) provides that a domestic or foreign corporation, partnership or unincorporated association must be served by following state law for serving a summons or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A) and (B). Under California law, "process may be served upon limited liability companies … by delivery (1) to any individual designated by it as agent." Cal. Corp. Code § 17701.16(a) and (b).

Defendant asserts that Timothy Devine was designated as its agent for service of process with the California Secretary of State more than a year before Plaintiff attempted

service in this action. ECF No. 23-1 at 11. Further, Defendant argues that instead of serving Timothy Devine, Plaintiff had a process server go to the dealership in National City, California and left the summons with an unidentified dealership employee, "John Doe" who the proof of service listed "[was] designated by law to accept service of process on behalf of … Honor Buick GMC." *Id.* at 11-12; ECF No. 24 at 8-9. Defendant argues that since the individual was not identified, the proof of service was facially defective as it could not establish that the individual was "designated by law" to accept service of process. *Id.* at 12.

Plaintiff argues that since Defendant has now identified the individual who received the summons and complaint as a person believed to be a general manager, Plaintiff has substantially complied with Rule 4. ECF No. 24 at 11-13. Defendant acknowledges that its general manager received the summons and complaint and threw it in the trash, not following proper dealership practices. ECF No. 23-1 at 8-9. Plaintiff asserts it sent the process server to the dealership due to Defendant's "'dba within an aka' status, [as] Fox was unable to locate any agent for service of process for Honor." ECF No. 24 at 14. However, Plaintiff's own opposition indicates that it had been in contact with Defendant's Manager since as early as October 2023 and threatened a lawsuit in September 2024. ECF No. 24 at 8. The proof of summons was defective as it failed to identify "John Doe" was designated by law to accept service on behalf of Defendant. Notwithstanding that facial deficiency, Defendant's general manager at the dealership did receive the summons and complaint and threw it in the trash. The Court therefore finds that Plaintiff substantially complied with Rule 4 as Defendant's general manager had actual notice of the lawsuit. The Court now addresses Defendant's alternative argument for setting aside default, good cause.

**B. Culpable Conduct**

The Ninth Circuit has held "that the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989).

*See also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (same). Intentionally failing to answer is more than just a conscious choice not to answer, but involves bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking or otherwise manipulate the legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The Ninth Circuit has found culpable conduct "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Notwithstanding the fact that the person believed to be a general manager was served with the summons and complaint, the Court finds that Defendant's conduct in failing to respond to the lawsuit was not done in bad faith with an "intention to take advantage of the opposing party, interfere with judicial decisionmaking or otherwise manipulate the legal process." *See id.* The Court finds that the presumed general manager's conduct was inappropriate, but the combination of Plaintiff's prior communications with Defendant's legal representative prior to filing suit and Defendant's actions since being served with the Writ of Possession indicate that Defendant did not operate in bad faith nor was their conduct culpable. Further, as mentioned above, Plaintiffs proof of service was facially defective.

**C. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See Id.* at 700 (citations omitted). "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (internal citations and quotations omitted).

Defendant asserts a potential defense that it is not liable as a successor to South County's obligations because it was an asset purchaser only and did not acquire any of South County's liabilities. ECF No. 23-1 at 14-16. Plaintiff argues that Defendant's potential defense is not meritorious and only addresses the breach of contract cause of action, not the UCL cause of action. The alleged facts as argued by Defendant is sufficient to support a meritorious defense to the causes of action. *See Mesle*, 615 F.3d at 1094.

**D. Prejudice**

A plaintiff is prejudiced if his "ability to pursue his claim will be hindered." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. A claim is "hindered" if "the delay [] result[s] in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* The prejudice "must result in greater harm than simply delaying resolution of the case." *Id.*

Defendant argues that setting aside the default judgment will not unduly prejudice Plaintiff beyond the ordinary delay associated with resolving a case on its merits. ECF No. 23-1 at 16. Defendant asserts the relevant events occurred in 2023, and all documentary evidence, including "invoices, bills of lading, communications" have been preserved. *Id.* at 17. Further, Defendant asserts that there is no suggestion that witnesses have become unavailable or that evidence has been lost and Plaintiff's claims can be fully litigated on the merits. *Id.*

Plaintiff contends that they would be prejudiced if the Court sets aside the default judgment because their ability to purse the claim will be hindered. ECF No. 24 at 19. Plaintiff then discusses attempts to enforce the judgment and requests for Defendant to provide cooperation to help Plaintiff recover from South County or help Plaintiff to serve South County. *Id.* Plaintiff argues generally that the passage of time alone prejudices them. *See id.* at 19-20. However, Plaintiff does not articulate how the passage of time specifically prejudices them in the breach of contract and UCL claims in this case, which all occurred within the last three years. Plaintiff does not assert the loss of any evidence, any increased difficulties of discovery, or a greater opportunity for fraud or collusion. Further, Plaintiff

does not assert that any witnesses have become unavailable. Plaintiff's argument is unpersuasive, as the delay here is an ordinary cost of litigation not cognizable under the prejudice facts. *See TCI Grp. Ins. Plan*, 244 F.3d at 701. The Court agrees with Defendant and finds Plaintiff will not be prejudiced by adjudicating the case on its merits.

**E. Plaintiff's Ex Parte Application for Leave to File a Sur-Reply**

On March 27, 2026, Plaintiff filed an ex parte application for leave to file a sur-reply. ECF No. 29. Plaintiff contends that Defendant's Reply brief contains new arguments by attaching a redacted copy of the Asset Purchase Agreement ("APA") and the comments that Defendant's former lawyer, Jason Cruz was not authorized to speak on its behalf. ECF No. 29-1 at 3. Neither the APA or comments from Jason Cruz are dispositive for this motion and the Court thus **DENIES** Plaintiff's ex parte application for leave to file a sur-reply.

## V. CONCLUSION

For the reasons stated above, the Defendant's motion to set aside entry of default and stay the writ of execution is **GRANTED**. The Clerk's entry of default and the default judgment are both **VACATED**. The writ of execution is **STAYED** pending further order of the Court. Further, Plaintiff's ex parte application for leave to file a sur-reply is **DENIED**. Defendant shall answer or otherwise respond to the Complaint by **October 2, 2026.** *See* Fed. R. Civ. P. 12.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Honorable James E. Simmons Jr.
United States District Judge